**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| TAMISHA LEWIS,<br><br>Plaintiff,<br>v.<br><br>RALPH B. AND THE U.S. DISTRICT COURT,<br><br>Defendants. | Case No. 3:26-cv-00239-SLG |
| TAMISHA LEWIS,<br><br>Plaintiff,<br>v.<br><br>THE U.S. AIR FORCE, *et al.,*<br><br>Defendants. | Case No. 3:26-cv-00252-SLG |
| TAMISHA LEWIS,<br><br>Plaintiff,<br>v.<br><br>JUDGE BEISTLINE, *et al.,*<br><br>Defendants. | Case No. 3:26-cv-00253-SLG |
| TAMISHA LEWIS,<br><br>Plaintiff,<br>v.<br><br>GOVERNOR DUNLEAVY, OCS, AND THE U.S. AIRFORCE,<br><br>Defendants. | Case No. 3:26-cv-00273-SLG |

## NOTICE OF INTENT TO DISMISS & ENTER VEXATIOUS LITIGANT ORDER

Pending before the Court are the four above-captioned cases filed by self-represented litigant Tamisha Lewis (Plaintiff), aka Tamisha Lewis-Junge. The Court has now screened Plaintiff's Complaints in each case in accordance with 28 U.S.C. § 1915(e). For the reasons explained below, each Complaint must be dismissed as frivolous. The Court finds that allowing leave to file an amended complaint would be futile.[1] Further, Plaintiff's history of filing numerous cases that are patently without merit and duplicative of previously filed actions supports the imposition of a vexatious litigant order. Accordingly, the Court now provides notice of its intent to enter prefiling restrictions against Plaintiff and accords Plaintiff **30 days** to file a response to this order demonstrating why she should not be deemed a vexatious litigant.

### I. Procedural History

Between September 9, 2025, and November 14, 2025, Plaintiff filed 63 civil cases that were all assigned to the Honorable Ralph R. Beistline by agreement of the judges and for judicial efficiency. Of those 63 cases, 60 were dismissed upon screening for failure to state a claim.[2] Plaintiff was accorded leave to file an

---

[1] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations).

[2] *See, e.g., Lewis-Junge v. Nesbitt, et al.,* Case No. 3:25-cv-00196-RRB (Case 196-

amended complaint in three cases,[3] which were dismissed after Plaintiff failed to file an amended complaint in any of those cases.[4] Plaintiff filed four more cases between February 13, 2026, and April 17, 2026, each of which was dismissed upon screening.[5]

Then, on June 18, 2026, Plaintiff filed *Lewis v. B., et al.,* Case No. 3:26-cv-00239-SLG (Case 239), alleging that on May 20, 2026, Judge Beistline and the U.S. District Court violated her Sixth Amendment right to a speedy trial by dismissing her "lawsuits against people with criminal behavior. . ."[6] Judge Beistline recused himself from that case, and it was reassigned to the undersigned.

On June 26, 2026, Plaintiff filed *Lewis v. U.S. Air Force, et al.,* Case No. 3:26-cv-00252-SLG (Case 252), bringing claims against a high school teacher for events that allegedly occurred in April 2015,[7] claims against the U.S. Air Force for events that allegedly occurred between June 2015 and the present,[8] and claims

---

RRB), Docket 6.

[3] Case Nos. 3:25-cv-00201-RRB (Case 201-RRB), 3:25-cv-00202-RRB, and 3:25-cv-00210-RRB.

[4] Case 201-RRB, Docket 7.

[5] *See, e.g.*, Lewis-Junge v. Bartlett Regional Hospital, et al, Case No. 3:26-cv-00075-RRB (Case 75-RRB), Docket 5.

[6] Case No. 3:26-cv-00239-SLG (Case 239), Docket 1.

[7] Case No. 3:26-cv-00252-SLG (Case 252), Docket 1 at 3.

[8] Case No. 3:26-cv-00252-SLG (Case 253), Docket 1 at 4.

against the West High School police for events that appear to have occurred when Plaintiff was in high school.[9] In her motion to reopen Case 252—which has not been closed—Plaintiff claims the named defendants continue to steal military technology to harass her.[10]

On June 29, 2026, Plaintiff filed *Lewis v. Beisline, et al.,* 3:26-cv-00253-SLG (Case 253), naming Judge Beistline, the Alaska State Troopers, and the U.S. Air Force as defendants. The Case 253 Complaint alleges that Judge Beistline violated her right to be free from cruel and unusual punishment on the date that case was filed because the "judge never called her or sent out the correct paperwork to gather evidence that [was] already recorded" that she believes will prove that she "was kidnapped by a delusional person holding military technology to harass [her] as a terrorist."[11] Further, Plaintiff names the U.S. Air Force because unidentified "people with technology are delusional [and] hiding at the courthouse to harass her" and allegedly made up "delusional images" so that Judge Beistline would incorrectly believe that she wanted to her close her lawsuits.[12] Finally, she claims that the Alaska State Troopers "ma[d]e up false charges to harass me with

---

[9] Case 252, Docket 1 at 5.

[10] Case 252, Docket 4.

[11] Case 253, Docket 1 at 3.

[12] Case 253, Docket 1 at 4.

his friend's they tried to keep me in jail for rape after committing all the crimes by breaking in." In her motion to reopen Case 253—which also has not yet been closed—Plaintiff claims that she needed Judge Beistline "to call the team with stolen technology from the military into court" purportedly to provide recordings that would prove her harassment claims, that she has never claimed that she is "falsely filing," that the Sixth Amendment was broken, and that she is "not really suing this man, it's just a complaint."[13]

On July 22, 2026, Plaintiff filed *Lewis v. Dunleavy, et al.,* Case No. 3:26-cv-00273-SLG (Case 273), naming Alaska Governor Dunleavy, the Alaska Office of Children's Services (OCS), and the U.S. Air Force, as defendants. The Case 273 Complaint alleges that Governor Dunleavy violated her right to be free from cruel and unusual punishment because she is "receiving paperwork that [she] know[s] is forced to steal [her] daughter and to create leverage over [her[ and the team that stole technology from the base."[14] The Case 273 Complaint also alleges that OCS stole her daughter for ransom, and that the U.S. Air Force is harassing her to marry their friend in order for Plaintiff to get her daughter, her money, and her belongings back.[15]

---

[13] Case 253, Docket 4.

[14] *Lewis v. Dunleavy, et al.,* Case No. 3:26-cv-00273-SLG (Case 273), Docket 1 at 3.

[15] Case 273, Docket 1 at 4-5.

Additionally, between June 26, 2026, and July 22, 2026, Plaintiff filed over 60 individual motions to reopen her cases dismissed by Judge Beistline. On August 18, 2026, the Court denied all of Plaintiff's motions to reopen those cases.[16]

Plaintiff also filed a Notice of Change of Address in some, but not all, of her cases. However, mail sent to Plaintiff to that new address has been returned to the Court as undeliverable.[17] Because mail sent to Plaintiff at the address provided on her most recently filed complaint has not been returned as undeliverable, the Court will send a copy of this order to Plaintiff at the address she provided in Case 273.[18] With the complaint that she filed in that case, Plaintiff included a letter from OCS informing her of an upcoming termination trial regarding her child, in which she underlined Governor Dunleavy's name under the Alaska state seal and wrote "sue" next to it.[19]

**II. The four above-captioned cases must be dismissed**

The Court has previously provided Plaintiff with statements of deficiencies and specific instructions on how to properly state a claim, but Plaintiff continues to demonstrate an inability or unwillingness to understand and follow the Court's

---

[16] *See* Case 201-RRB, Docket 10.

[17] *See, e.g.,* Case 239, Dockets 7-9.

[18] Case 273, Dockets 1-4.

[19] Docket 1-1.

orders. Here, Plaintiff's filings contain highly speculative and delusional allegations regarding being harassed with stolen military technology, and she continues to pursue claims against improper defendants despite repeated notices that such claims cannot proceed in federal court.

Specifically, the Court previously dismissed Plaintiff's claims against the U.S. Air Force with prejudice,[20] noting that Plaintiff has named the U.S. Air Force as a defendant in over 45 cases.[21] Yet, Plaintiff again names the U.S. Air Force as a defendant in her three most recently filed cases. Likewise, Plaintiff names the Alaska State Troopers and OCS as defendants despite being informed that state agencies cannot be sued in federal court.[22] Plaintiff also brings claims against police officers working at the West High School based on events that allegedly occurred in 2015, despite being previously informed that such claims are likely time-barred by the statute of limitations.[23]

---

[20] *See, e.g.,* Case 75-RRB, Docket 5 at 4-5 (dismissing Plaintiff's claims against the U.S. Air Force with prejudice). *See also* Case 196-RRB, Docket 6 at 11 (explaining that claims against federal agencies or federal officials acting in an official capacity are generally barred by sovereign immunity and summarizing the circumstances under which a federal official may be sued in a personal capacity).

[21] Case 196-RRB, Docket 6 at 9 n.26 (noting that Plaintiff named the U.S. Air Force as a defendant in over 45 cases).

[22] Case 196-RRB, Docket 6 at 18.

[23] Case 196-RRB, Docket 6 at 25-27 (providing information about statutes of limitations and tolling). *See also* Case 210-RRB, Docket 6 at 28 (according Plaintiff leave to amend her claims but noting that cases involving actions taken while Plaintiff was in high school will likely be precluded by the statute of limitations).

Additionally, Plaintiff names Judge Beistline as a defendant despite being informed that judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity.[24]

For these reasons, the complaint in each of these four cases must be dismissed. The Court further finds that according Plaintiff leave to file an amended complaint in any of these cases would be futile.

### III. Notice of Intent to Enter a Vexatious Litigant Order

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants."[25] A pre-filing order requires a litigant's proposed filings to be reviewed by a judicial officer for either acceptance or rejection by the Court as to whether the filing will be docketed. When a district court seeks to impose pre-filing restrictions, it must: (1) give the litigant notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."[26]

---

[24] Case 196-RRB, Docket 6 at 10, 14 (dismissing Plaintiff's claims against a state court judge and explaining judicial immunity).

[25] *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

[26] *See De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 2015); *Ringgold-*

The first and second of these requirements are procedural, while the "latter two factors ... are substantive considerations ... [that] help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts."[27]

### A. Adequate Record for Review

The Court takes judicial notice[28] that Plaintiff has filed 71 cases in this Court in the last year.[29] Specifically, Plaintiff has filed:

1. 3:25-cv-00196-RRB, *Lewis-Junge v. Nesbett Courthouse, et al.*
2. 3:25-cv-00201-RRB, *Lewis-Junge v. Hiland Mountain Correctional Center, et al.*
3. 3:25-cv-00202-RRB, *Lewis-Junge v. Office of Children Services, et al.*
4. 3:25-cv-00203-RRB, *Lewis-Junge v. Wheels, et al.*
5. 3:25-cv-00204-RRB, *Lewis-Junge v. Alaska Psychiatric Institute, et al.*
6. 3:25-cv-00205-RRB, *Lewis-Junge v. Ted Stevens Airport, et al.*

---

*Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014).

[27] *Molski,* 500 F.3d at 1058.

[28] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (12th ed. 2024). *See also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

[29] The Court's online docket records may be accessed by the public online at pacer.uscourts.gov or without a PACER login and password at the Clerk's office during regular business hours.

7. 3:25-cv-00206-RRB, *Lewis-Junge v. Lewis, et al.*
8. 3:25-cv-00207-RRB, *Lewis-Junge v. NASA, et al.*
9. 3:25-cv-00208-RRB, *Lewis-Junge v. University of Alaska Anchorage, et al.*
10. 3:25-cv-00210-RRB, *Lewis-Junge v. Anchorage School District, et al.*
11. 3:25-cv-00211-RRB, *Lewis-Junge v. U.S. Air Force, et al.*
12. 3:25-cv-00212-RRB, *Lewis-Junge v. Great Northern Cannabis, et al.*
13. 3:25-cv-00213-RRB, *Lewis-Junge v. Matsu Regional Hospital, et al.*
14. 3:25-cv-00215-RRB, *Lewis-Junge v. Maxim Healthcare, Inc., et al.*
15. 3:25-cv-00217-RRB, *Lewis-Junge v. Providence Hospital, et al.*
16. 3:25-cv-00218-RRB, *Lewis-Junge v. Alaska Native Medical Center, et al.*
17. 3:25-cv-00220-RRB, *Lewis-Junge v. Anchorage Neighborhood Health Center, Inc., et al.*
18. 3:25-cv-00221-RRB, *Lewis-Junge v. Alaska Regional Hospital, et al.*
19. 3:25-cv-00222-RRB, *Lewis-Junge v. Lawhorne, et al.*
20. 3:25-cv-00223-RRB, *Lewis-Junge v. Kakaruk, et al.*
21. 3:25-cv-00224-RRB, *Lewis-Junge v. Fili, et al.*
22. 3:25-cv-00228-RRB, *Lewis-Junge v. Boney Courthouse, et al.*
23. 3:25-cv-00229-RRB, *Lewis-Junge v. Anchorage Correctional Complex, et al.*
24. 3:25-cv-00232-RRB, *Lewis-Junge v. Robles Gonzales, et al.*
25. 3:25-cv-00233-RRB, *Lewis-Junge v. Mason, et al.*
26. 3:25-cv-00234-RRB, *Lewis-Junge v. Office of Children Services, et al.*
27. 3:25-cv-00235-RRB, *Lewis-Junge v. Lewis, et al.*
28. 3:25-cv-00236-RRB, *Lewis-Junge v. Lewis, et al.*
29. 3:25-cv-00240-RRB, *Lewis-Junge v. Lewis, et al.*
30. 3:25-cv-00241-RRB, *Lewis-Junge v. U.S. Air Force, et al.*
31. 3:25-cv-00242-RRB, *Lewis-Junge v. Cook Inlet Housing Authority, et al.*

32. 3:25-cv-00243-RRB, *Lewis-Junge v. U.S. Court District Anchorage, et al.*
33. 3:25-cv-00244-RRB, *Lewis-Junge v. OCS Anchorage, et al.*
34. 3:25-cv-00245-RRB, *Lewis-Junge v. Police Officer Chapman, et al.*
35. 3:25-cv-00246-RRB, *Lewis-Junge v. Wilson, et al.*
36. 3:25-cv-00247-RRB, *Lewis-Junge v. Chapman, et al.*
37. 3:25-cv-00248-RRB, *Lewis-Junge v. Burkett, et al.*
38. 3:25-cv-00251-RRB, *Lewis-Junge v. Lewis, et al.*
39. 3:25-cv-00252-RRB, *Lewis-Junge v. Ericsson, et al.*
40. 3:25-cv-00266-RRB, *Lewis-Junge v. Ted Stevens Airport, et al.*
41. 3:25-cv-00267-RRB, *Lewis-Junge v. Robert Atwood Building, et al.*
42. 3:25-cv-00268-RRB, *Lewis-Junge v. U.S. Air Force, et al.*
43. 3:25-cv-00271-RRB, *Lewis-Junge v. U.S. Post Office, et al.*
44. 3:25-cv-00272-RRB, *Lewis-Junge v. Payne, et al.*
45. 3:25-cv-00273-RRB, *Lewis-Junge v. Cananan, et al.*
46. 3:25-cv-00274-RRB, *Lewis-Junge v. Olson, et al.*
47. 3:25-cv-00275-RRB, *Lewis-Junge v. Division of Child Support, et al.*
48. 3:25-cv-00277-RRB, *Lewis-Junge v. Alaska Psychiatric Institute, et al.*
49. 3:25-cv-00278-RRB, *Lewis-Junge v. Kotulak, et al.*
50. 3:25-cv-00279-RRB, *Lewis-Junge v. Fantasies Strip Club, et al.*
51. 3:25-cv-00280-RRB, *Lewis-Junge v. Lewis, et al.*
52. 3:25-cv-00281-RRB, *Lewis-Junge v. Jackson, et al.*
53. 3:25-cv-00283-RRB, *Lewis-Junge v. Alaska State Troopers, et al.*
54. 3:25-cv-00286-RRB, *Lewis-Junge v. Lewis, et al.*
55. 3:25-cv-00287-RRB, *Lewis-Junge v. Anchorage Chamber of Commerce, et al.*
56. 3:25-cv-00290-RRB, *Lewis-Junge v. The Pentagon, et al.*
57. 3:25-cv-00291-RRB, *Lewis-Junge v. Alaska Court System, et al.*
58. 3:25-cv-00300-RRB, *Lewis-Junge v. Federal Bureau of Investigation, et*

*al.*

59. 3:25-cv-00301-RRB, *Lewis-Junge v. Cook Inlet Housing, et al.*
60. 3:25-cv-00308-RRB, *Lewis-Junge v. Tedesco, et al.*
61. 3:25-cv-00309-RRB, *Lewis-Junge v. Alaska Department of Public Safety, et al.*
62. 3:25-cv-00324-RRB, *Lewis-Junge v. Cook Inlet Tribel Council, et al.*
63. 3:25-cv-00325-RRB, *Lewis-Junge v. NASA, et al.*
64. 3:26-cv-00075-RRB, *Lewis-Junge v. Bartlett Regional Hospital, et al.*
65. 3:26-cv-00148-RRB, *Lewis-Junge v. Matsu Regional Hospital, et al.*
66. 3:26-cv-00150-RRB, *Lewis-Junge v. Alaska Native Medical Center, et al.*
67. 3:26-cv-00166-RRB, *Lewis-Junge v. Wheels, et al.*
68. 3:26-cv-00239-SLG, *Lewis v. B., et al.*
69. 3:26-cv-00252-SLG, *Lewis v. U.S. Air Force, et al.*
70. 3:26-cv-00253-SLG, *Lewis v. Beisline, et al.*
71. 3:26-cv-00273-SLG, *Lewis v. Dunleavy, et al.*

As noted above, the Complaint in each of these 71 cases fails to state a plausible claim. Moreover, Plaintiff's numerous motions to reopen over 60 of the 67 currently closed cases were denied, and Plaintiff's motions to reopen two of her four open cases are procedurally improper. The Court also takes judicial notice that Plaintiff has filed numerous civil complaints in Alaska Superior Court, many of which name the same defendants.[30]

[30] Publicly available records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

### B. Finding of frivolousness and harassment

To qualify as frivolous, "'[t]he plaintiff's claims must not only be numerous but also be patently without merit.'"[31] To qualify as harassment, "the filing of several similar types of actions [must] constitute[ ] an intent to harass the defendant or the court.'"[32] Here, the Court finds that Plaintiff's filings fit within both categories.

The Court recognizes that documents filed by self-represented litigants are to be construed liberally, and that federal courts must act with some leniency toward those without legal training.[33] However, this leniency does not require the Court to rewrite deficient pleadings or motions.[34] Nor can the Court provide legal advice or act as a party's attorney.[35]

Plaintiff has filed numerous meritless claims that this Court has rejected, failed to file an amended complaint when given the opportunity, and has now filed another batch of frivolous claims along with procedurally improper motions. Plaintiff's filings have posed an unnecessary burden on the Court and are a vexatious abuse of the judicial process. Therefore, the Court finds Plaintiff's filings

---

[31] *Molski*, 500 F.3d at 1059 (quoting *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990)).

[32] *De Long*, 912 F.2d at 1148 n.3 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)).

[33] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[34] *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).

[35] *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976).

to be frivolous.

Plaintiff appears to misunderstand fundamental aspects of the legal process—including the nature of a civil complaint and the proper mechanism to appeal an adverse decision—as demonstrated by her motions to reopen her closed cases and her initiation of two civil lawsuits against Judge Beistline for his decisions in those cases. Notably, in one of her motions—brought in a case against Judge Beistline—Plaintiff states, "I'm not really suing this man it's just a complaint."[36] This statement suggests Plaintiff did not understand that filing a civil complaint initiates a formal lawsuit. Yet, Plaintiff nonetheless names Judge Beistline as a defendant in two of her pending cases.

A pattern of harassment appears based on the repeated filing of these actions because, as noted, they all concern similarly meritless and duplicative allegations against defendants who cannot be sued under Section 1983, such as organizations, entities, private individuals, and judges. Moreover, several of Plaintiff's filings include inappropriate language and insults, such as stating "y'all are gross and retarded" in her motion to reopen that case.[37]

For these reasons, and the reasons explained in the Court's orders in Plaintiff's previous cases, the Court makes a substantive finding of frivolousness

---

[36] Case 253, Docket 4.

[37] *Lewis-Junge v. U.S. Air Force, et al.,* Case No. 3:25-cv-00211-RRB, Docket 8.

and harassment as to Plaintiff's numerous and redundant filings.

### C. Notice & Opportunity to be Heard

The Court finds that Plaintiff is a vexatious litigant and intends to enter a prefiling order requiring Plaintiff to obtain preapproval from the Court before filing any further cases, motions, or documents. The narrowly tailored order will not block Plaintiff's access to the judicial system; rather, it is intended to ensure that any potential filing made by Plaintiff in the District of Alaska is not frivolous and is filed in good faith, prior to expending judicial resources or involving other parties.

Plaintiff is accorded **30 days to file a response to this order** that demonstrates why she should not be deemed a vexatious litigant and subject to a pre-filing order in the U.S. District Court for the District of Alaska.[38]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint in each above-captioned case is **DISMISSED with prejudice.** The Court finds that granting Plaintiff leave to file an amended complaint in each case would be futile.

2. Plaintiff is accorded **30 days to file a response to this order** that

---

[38] Neither an actual response by the litigant nor a hearing on this issue is mandatory if the litigant is given an opportunity to brief the issue. *See Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047 (9th Cir. 2007) (citing *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("[A]n opportunity to be heard does not require an oral or evidentiary issue," since "[t]he opportunity to brief the issue fully satisfies due process requirements.").

demonstrates why she should not be deemed a vexatious litigant and subject to a pre-filing order in the U.S. District Court for the District of Alaska.

3. All pending motions in each case are **DENIED**.

4. At all times, Plaintiff shall promptly update her contact information by filing by filing a Notice of Change of Address in each case. Plaintiff may use the Court's Form PS23,[39] or she may file a document titled "Notice of Change of Address" that clearly states her new mailing address and its effective date. The Notice must not include requests for any other relief. Failure to keep a current address on file with the Court may result in dismissal of a case without further notice to Plaintiff.

5. Self-represented litigants must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[40] Failure to do so may result in the imposition of sanctions authorized by

---

[39] Although the Court provides forms that are required for certain filings, the Court does not require a specific form to update an address. However, a Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.

[40] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

law, including dismissal of an action.

6. The Clerk is directed to send a copy of this order to Plaintiff at:

3748 Aldren Circle
Anchorage, AK 99517

DATED this 28th day of August, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE